UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID B. FRANCO | CIVIL ACTION |
| VERSUS | NO: 17-6559 |
| JAMES R. DUGAN, II AND THE DUGAN LAW FIRM, APLC | SECTION: "S" (2) |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion to Dismiss Pursuant to Rule 12(b)(3) filed by the defendants, James R. Dugan, II and the Dugan Law Firm, APLC (Doc. #12) is **DENIED.**

**IT IS FURTHER ORDERED** that pursuant to the Colorado River abstention doctrine, this matter is **STAYED** and **ADMINISTRATIVELY CLOSED** pending resolution of the related matter proceeding in the Civil District Court, Parish of Orleans, State of Louisiana, The Dugan Law Firm, APLC v. Damon J. Baldone, APLC d/b/a Damon J. Baldone and Associates, C/A No. 16-7376.

### BACKGROUND

This matter is before the court on a motion to dismiss filed by defendants, James R. Dugan, II and The Dugan Law Firm, APLC (collectively, "Dugan"). Dugan argues that this matter should be dismissed under Rule 12(b)(3) of the Federal Rules of Civil Procedure because plaintiff's employment contract specifies that the proper venue for this action is the Civil District Court, Parish of Orleans, State of Louisiana ("CDC"). Dugan also argues that there is already an action regarding plaintiff's compensation pending in the CDC and this court should defer to that litigation.

Plaintiff, David B. Franco, filed this action against his former employer, Dugan, seeking to recover compensation to which he alleges he is entitled. Franco was hired by Dugan as an associate attorney in July 2010. Franco alleges that at the time he was hired his oral employment agreement included: a $75,000 annual salary, plus benefits; a $5,000 signing bonus; a 20% handler's fee on

cases Franco handled for the firm, which would be split with other attorneys who also worked on the case; and, an additional 10% generator's fee for cases Franco brought to the law firm and worked on.

Franco alleges that from July 2010 to June 2014, he worked for Dugan under the terms of the July 2010 oral employment contract. According to Franco, during this time he generated and worked on cases concerning the Deepwater Horizon/BP oil spill litigation, prescription drug co-pay subsidy litigation, and NFL concussion litigation. Franco alleges that all of the oil spill cases were signed up between July 2010 and June 2013; all of the drug co-pay subsidy cases were resolved prior to June 2014; and all of the NFL concussion cases were signed up in 2012 and 2013. Thus, Franco argues that he is owed handler's and generator's fees on those cases in accordance with the terms of the July 2010 employment agreement. Franco further alleges that in early 2014, he generated and worked on cases regarding the General Motors ignition switch recall. Franco claims that he is entitled to generator's and handler's fees in accordance with the July 2010 employment agreement for work done on cases that he brought to the Dugan firm and worked on prior to June 20, 2014.

On June 20, 2014, Franco entered into a written employment agreement with Dugan. The terms of the June 2014 written employment agreement included: a $75,000 annual salary; bonuses to be paid at Dugan's discretion in an amount not to exceed 20% of the fees paid to Dugan in connection with a particular case, which would be split with other attorneys who worked on the case in a manner deemed appropriate by Dugan; and, various benefits such as parking, bar dues, continuing legal education expenses, professional liability insurance, and health insurance. The June

2

2014 employment agreement provides for the application of Louisiana law to the construction and enforcement of the agreement, and includes a jurisdiction and venue provision that states:

> Any suit involving a claim for compensation allegedly owed as a result of a matter pending in federal district court in the Eastern District of Louisiana may only be brought in that venue, if the federal court can exercise jurisdiction over the suit. Except for the foregoing, any suit involving any dispute or matter arising under this Agreement may only be brought in the Civil District Court for the Parish of Orleans, State of Louisiana, which shall have exclusive jurisdiction over the subject matter of the dispute.

Further, the June 2014 employment agreement purports to contain "all of the terms of the agreement between the parties hereto relating to the subject matter hereof" and supersede "any and all [other] Agreements."

Franco quit working for Dugan on July 31, 2016. On August 16, 2016, Dugan filed an amended petition in The Dugan Law Firm, APLC v. Damon J. Baldone, APLC d/b/a Damon J. Baldone and Associates, C/A No. 16-7376, litigation pending in the CDC to add Franco as a defendant. Dugan alleges that Franco breached the non-solicitation clause in the June 2014 employment agreement, interfered with and conspired to interfere with a professional services contract and committed conversion by contacting Dugan's clients in the BP oil spill and NFL concussion litigation and convincing them to discontinue Dugan's representation in favor of obtaining legal service from Franco.[1]

---

[1] Section VI of Franco's June 2014 employment agreement with Dugan states:

Subject to applicable law, if Franco's employment with [Dugan] is terminated for any reason whatsoever, whether voluntarily or involuntarily, Franco agrees, for a period of one year from the date of termination, not to solicit, directly or indirectly, any clients of [Dugan] for whom Franco provided services while employed by [Dugan] or other clients or referral

3

The fee dispute between Dugan, Franco and Baldone was also part of the BP oil spill litigation pending before United States District Judge Barbier in the United States District Court for the Eastern District of Louisiana. Judge Barbier referred all of the BP oil spill fee disputes to United States Bankruptcy Judge Jerry A. Brown, who is serving as a Third-Party Claims Adjudicator. Franco filed a fee dispute regarding the BP oil spill litigation with Judge Brown. On January 27, 2017, Judge Brown issued an order in a fee dispute case titled <u>Ernest Bellanger, Jr. v. The Dugan Law Firm</u>, which also implicated the fee dispute between Dugan, Franco and Baldone. Judge Brown held:

> 2. The withheld attorneys fees at issue in this Dispute are subject to pending litigation in Civil District Court for the Parish of Orleans ("the Civil District Court"), *The Dugan Law Firm, APLC v. Damon J. Baldone, et al.*, No. 16-7376, which also involves other parties and attorney fees for clients not associated with Deepwater Horizon oil spill.
>
> 3. The Civil District Court is the appropriate venue for the comprehensive determination of the numerous state law claims and their fair and equitable distribution of attorney fees. It would be a waste of judicial resource for the Third Party Claims Dispute Resolution Process to apportion attorneys fees for a single claimant when the Civil District Court is hearing the entire controversy, and it could lead to potential inconsistent adjudications and jurisdictional issues or disputes. If there are related issues or claims necessary for a complete adjudication of all issues not yet placed before the Civil District Court, the parties are free to assert them there, as allowed by that Court.

Dugan filed a motion for summary judgment in the CDC litigation on the issue of whether the June 2014 employment agreement between Dugan and Franco is the applicable contract that

---

services of client of [Dugan] whose names became known to Franco while in the employ of [Dugan]. This paragraph solely precludes solicitation within the following parishes: Orleans, Jefferson, St. Tammany, East Baton Rouge, Terrebonne and Lafourche.

4

governs Franco's compensation while he was employed by Dugan. On November 3, 2017, the state court judge held that:

> the sole issue before the Court on the Partial Motion for Summary Judgment filed by [Dugan] was the scope of the contractual agreement between The Dugan Law Firm and David Franco. the Court reviewed the contract between David Franco and The Dugan Law Firm, dated [June 20], 2014, and based upon that review the Court finds this is a legal issue. The Court finds that the contract is clear and unambiguous Mr. Franco's compensation is set forth in the contract related to salary, benefits, and discretionary bonuses. As a matter of law, any funds paid prior to his departure in July 2016 have in fact been fixed. . . .

Franco filed this action against Dugan in the United States District Court for the Eastern District of Louisiana on July 7, 2017, alleging that he was not fully compensated by Dugan pursuant to the terms of his July 2010 employment agreement. Franco alleges that the June 2014 employment agreement is invalid because he was forced to sign it within one hour or it being presented to him with a penalty of immediate termination if he refused to sign. Thus, Franco claims that all amounts due to him are governed by the July 2010 employment agreement. Franco brings claims under the legal theories of breach of contract, detrimental reliance, fraud and fraudulent misrepresentation, violation of the Louisiana Unfair Trade Practices Act, conversion, unpaid commissions, penalties and attorneys' fees, unjust enrichment, and *quantum meruit*. Franco contends that some of the counts pertain to Dugan's removing money from his bank account after it had been deposited.

Dugan filed the instant motion to dismiss arguing that this case should have been filed in the CDC pursuant to the forum selection clause found in the June 2014 employment agreement. Dugan argues that all of Franco's claims are related to his compensation and the June 2014 employment agreement specifies that such claims are subject to the forum selection clause. Dugan also argues

5

that there is already an action regarding plaintiff's compensation pending in the CDC and this court should defer to that litigation.

Franco argues that his claims are not related to the June 2014 employment agreement, but rather the July 2010 employment agreement. Franco argues that all of the cases for which he seeks to recover fees were brought to the Dugan firm and worked on prior to his executing the June 2014 employment agreement, thus the fee disputes are governed by the July 2010 employment agreement and are not subject to the forum selection clause found in the June 2014 employment agreement. Franco also argues that the "supersedes" language in the June 2014 employment agreement does not invalidate the July 2010 employment agreement, but rather replaces it going forward. Further, Franco argues that his other claims related to Dugan's misappropriating funds from Franco's bank account after June 20, 2014, are not related to the employment agreement and thus, are not subject to the forum selection clause.

Additionally, Franco argues that if the forum selection clause applies, it supports the case being brought in the United States District Court for the Eastern District of Louisiana. The forum selection clause states that any suit involving a fee dispute resulting from a matter pending in the United States District Court for the Eastern District of Louisiana can be brought only in this court if the court would have jurisdiction over the case. Franco states that the majority of his fee claims pertain to his work on cases related to the BP oil spill litigation, which is pending in this court. Therefore, Franco contends that the forum selection clause dictates that this is the proper venue.

## ANALYSIS

Dugan, seeking to enforce a forum selection clause, filed the instant motion as a motion to dismiss pursuant to Rule 12(b)(3). In <u>Atlantic Marine Construction Co. v. United States District</u>

6

Court, 134 S.Ct. 568, 580 (2013), the Supreme Court of the United States held that "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*", not a motion to dismiss under Rule 12(b)(3). At oral argument, Dugan's counsel argued that this court should defer to the CDC litigation under the doctrine of *forum non conveniens* or the Louisiana procedural law exception of *lis pendens*. Dugan does not specifically argue for the application of the Colorado River abstention doctrine. However, the court may raise the application of the Colorado River abstention doctrine *sua sponte*. Murphy v. Uncle Ben's, Inc., 168 F.3d 734, 737 n. 1 (5th Cir. 1999).

Pursuant to the Colorado River abstention doctrine, a district court may stay or dismiss a federal suit when there is a parallel suit pending in state court. Colorado River Water Conservation Dist. v. United States, 96 S.Ct. 1236 (1976). A federal court may use the Colorado River doctrine to abstain only under "exception circumstances," because it "is a narrow exception to a federal court's 'virtually unflagging' duty to adjudicate a controversy that is properly before it." African Methodist Episcopal Church v. Lucien, 756 F.3d 788, 797 (5th Cir. 2014) (citations omitted). A decision to abstain "must be based on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Id. (quotations and citations omitted).

**A. Parallelism**

Determining whether the federal action and state action are sufficiently parallel is the first step to determining whether abstention is proper under the Colorado River doctrine. Id. "Parallel actions are those involving the same parties and the same issues." Id. (quotations and citations omitted). However, the "precise identity" of parties and issues is not necessarily required. Id.

7

Instead, the court "look[s] both to the named parties and to the substance of the claims asserted in each proceeding." Id.

In this case, the parties are not identical. Franco and Dugan are parties to both cases, but the CDC litigation includes additional parties, namely Baldone and the Hodgins Law Group, LLC. However, the substance of the claims demonstrates that the underlying state-court suit and this federal suit are parallel. Both suits involve fee disputes between Franco and Dugan regarding the BP oil spill and NFL concussion litigation. Further, both suits involve the applicability of Franco's June 2014 employment agreement to the fee disputes, and the state court judge has already held that the "the contract is clear and unambiguous Mr. Franco's compensation is set forth in the contract related to salary, benefits, and discretionary bonuses." Therefore, the actions are sufficiently parallel.

### B. **Colorado River** Factors

To determine whether "exceptional circumstances" exist so as to justify application of the Colorado River abstention doctrine, the court examines six factors:

> (1) assumption by either court of jurisdiction over a *res*; (2) relative inconvenience of the forums; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) to what extent federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

Id. at 798 (quoting Stewart v. W. Heritage Ins. Co., 438 F .3d 488, 491 (5th Cir. 2006)). The Supreme Court of the United States has noted that "[t]he decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply to a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 103 S.Ct. 927, 937 (1983).

8

The first factor, jurisdiction over a *res*, favors abstention. In his January 27, 2017, Order, Judge Brown directed the parties to deposit a portion of the disputed funds into the registry of the court at CDC or to an escrow holder. If the parties followed Judge Brown's Order, the CDC has jurisdiction over a part of the *res* at issue in this case, namely some of the disputed funds that make up a portion of the attorneys' fees to which Franco claims he is entitled.

The second factor, relative inconvenience of the fora, is neutral. This factor "primarily involves the physical proximity of [each] forum to the evidence and witnesses." African Methodist Episcopal Church, 756 F.3d at 800 (quoting Evanston Ins. Co. v. Jimco, Inc., 844 F.2d 1185, 1191 (5th Cir. 1988)). Both this court and the CDC are in Orleans Parish, Louisiana and are physically less than one mile apart.

The third factor, the avoidance of piecemeal litigation, weighs in favor abstention. "The real concern at the heart of the third Colorado River factor is the avoidance of piecemeal litigation, and the concomitant danger of inconsistent rulings. . ." Id. (quoting Black Sea Inv., Ltd. v. United Heritage Corp., 204 F.3d 647, 650–51 (5th Cir. 2000)). The federal and state court litigation involve the same issues pertaining to the applicablity of Franco's June 2014 employment agreement and the fees to which he is entitled from Dugan. Franco has asserted claims in this litigation regarding fee disputes that are not at issue in the CDC case, but he could raise those issues in the CDC litigation by filing a reconventional demand. Further, the state court has already held that the June 2014 employment agreement governs Franco's compensation salary, benefits, and discretionary bonuses. There is a real danger of piecemeal litigation and inconsistent rulings.

The fourth factor, the sequence in which jurisdiction was obtained, favors abstention. This factor "should not be measured exclusively by which complaint was filed first, but rather in terms

9

of how much progress has been made in the two actions." Id. (quoting Moses H. Cone, 103 S.Ct. at 940). The amended complaint adding Franco as a defendant to the state court litigaiton was filed on August 16, 2016. A motion for partial summary judgment has already been decided pertaining to the applicability of the June 2014 employment agreement. This federal action was filed almost a year later on July 7, 2017. Dugan has not filed an answer and there is no scheduling order in this case. Thus, the CDC litigation is substantially further along.

The fifth factor, whether and to what extent federal law controls the merits of the decision, weighs in favor of abstention. This court has diversity subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Franco is a citizen of Texas; Dugan, personally, and the Dugan law firm are both citizens of Louisiana; and, there is more than $75,000 in controversy. All of the claims Franco raises in this case arise under Louisiana state law. The CDC, a Louisiana state court, is certainly capable of deciding Louisiana state law claims.

The sixth factor, the adequacy of the state proceedings to protect Franco's rights, is neutral. This factor can only be neutral or weigh against abstention, it cannot weigh in favor of abstention. Id. at 801. Here, there is no indication that Franco's rights would not be adequately protected in the state court. Franco has an opportunity to present his claims in the CDC litigation by filing a reconventional demand and he can appeal any adverse decisions in the state courts. Judge Brown is presiding over fee disputes related to the BP oil spill. Judge Brown has deferred to the CDC litigation with respect to a BP oil spill fee dispute between Franco, Dugan and Baldone. If this court were to apply the first sentence of the forum selection clause in the June 2014 employment agreement or find that the forum selection clause does not apply and find that this is the appropriate forum for this dispute, because of Franco's claims related to the BP oil spill, the case would be

referred to Judge Brown who presumably would again defer to the CDC litigation. None of the other cases for which Franco claims fees are pending in the Eastern District of Louisiana. Therefore, those claims would be subject to the second clause of the forum selection clause, which dictates that CDC is the proper forum. Franco can bring all of his claims within the context of the CDC litigation, making the sixth factor neutral.

In sum, four of the Colorado River factors favor abstention and two are neutral. The weighing of the factors shows that abstention is warranted in this case. Therefore, this case will be STAYED pending the outcome of the CDC litigation.[2]

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss Pursuant to Rule 12(b)(3) filed by the defendants, James R. Dugan, II and the Dugan Law Firm, APLC (Doc. #12) is **DENIED.**

**IT IS FURTHER ORDERED** that pursuant to the Colorado River abstention doctrine, this matter is **STAYED** and **ADMINISTRATIVELY CLOSED** pending resolution of the related matter proceeding in the Civil District Court, Parish of Orleans, State of Louisiana, The Dugan Law Firm, APLC v. Damon J. Baldone, APLC d/b/a Damon J. Baldone and Associates, C/A No. 16-7376.

---

[2] "Most circuits to have considered the issue have held that a stay is always preferable [to dismissal] because it may likely produce the same practical result as a dismissal while still leaving the docket open in case loose ends remain at the conclusion of the state proceedings." Saucier v. Aviva Life & Annuity Co., 701 F.3d 458, 465 (5th Cir. 2012) (quoting Jimenez v. Rodriguez–Pagan, 597 F.3d 18, 31 (1st Cir. 2010)).

New Orleans, Louisiana, this __5th__ day of December, 2017.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**